**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| **DARRYL PRESCOTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:25-cv-02925-MSN-tmp** |
| | ) | |
| **CITY OF MEMPHIS, DILIGENCE CORPORATION, DILIGENCE TECH CORPORATION, MAYOR PAUL YOUNG, CERELYN 'CJ' DAVIS, DILIGENCE SECURITY, KESHANTI CHISM, CARRIE PARRISH & SHAMEKA STEVENSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION TO TEMPORARILY STAY PROCEEDINGS**

---

Before the court is *pro se* Plaintiff Darryl Prescott's Emergency Motion to Temporarily Stay Proceedings Pending Administrative Review of Courthouse-Access and Filing Issues. (ECF No. 57.) In his motion, Prescott claims that "[d]espite the judicial authorization, Plaintiff has experienced repeated disputes and prolonged questioning at the courthouse entrance concerning bis possession of the telephone, his hearing assistance, and the sufficiency of the Court's authorization." Id. at 279. Prescott argues that this issue is impacting his "ability to litigate this case." Id. at 280. Prescott further states that he "prepared a formal administrative complaint for submission to

the Office of the Circuit Executive of the United States Court of Appeals for the Sixth Circuit requesting expedited review of the courthouse-access, device-authorization, Clerk's Office, and security issues.” Id. at 280-81.

“District courts possess authority to issue stays.” Lawton v. Ludwick, No. 10-10048, 2010 WL 3907486, at *1 (E.D. Mich. Sep. 30, 2010). “[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.” Id. (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).

The court finds no basis to grant the relief requested by Prescott. At most, it appears that there may have been a misunderstanding regarding the permission granted by the court to Prescott to bring his cell phone into the courthouse. To the extent he alleges a broader issue with his access to the court, the record does not support his claim of experiencing repeated disputes and prolonged questioning at the courthouse entrance concerning his possession of his cell phone. Moreover, the court has since continued the scheduling conference to November 17, 2026.

As such, the court finds that Prescott has not demonstrated good cause to grant a stay. Accordingly, the court DENIES Prescott’s Emergency Motion to Temporarily Stay Proceedings.

IT IS SO ORDERED.

s/ Tu M. Pham

TU M. PHAM
Chief United States Magistrate Judge

September 29, 2026

Date