**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

DARRYL PRESCOTT,

Plaintiff,

v. Case No. 2:25-cv-02925-MSN-tmp

CITY OF MEMPHIS,
DILIGENCE CORPORATION,
DILIGENCE TECH CORPORATION,
PAUL YOUNG, *individually and in his official capacity*, CERELYN "CJ" DAVIS, *individually and in her official capacity*,
DILIGENCE SECURITY,
KESHANTI CHISM, CARRIE PARRISH,
and SHAMEKA STEVENSON,

Defendants.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS**

---

Before the Court is Chief Magistrate Judge Pham's Report and Recommendation ("R&R") on the Motion to Dismiss filed by Defendants City of Memphis and Mayor Paul Young (collectively "Defendants"). (ECF No. 40.) Judge Pham recommends that Defendants' Motion to Dismiss (ECF No. 16) be granted and that all claims against the City of Memphis and Mayor Young be dismissed. (ECF No. 40 at PageID 40.) Plaintiff Darryl Prescott filed timely objections (ECF No. 44), and Defendants responded. (ECF No. 51). After review, the Court **OVERRULES** Mr. Prescott's objections (ECF No. 44) and **ADOPTS** Judge Pham's R&R (ECF No. 40). Accordingly, Defendants' Motion to Dismiss (ECF No. 16) is **GRANTED** and all claims against the City of Memphis and Mayor Paul Young are hereby **DISMISSED**.

## BACKGROUND

Mr. Prescott filed a *pro se* Complaint in October 2025, alleging Defendants and others violated his First and Fourteenth Amendment rights and seeking damages under 42 U.S.C. § 1983. (ECF No. 2.) He also brought claims for "[n]negligence and failure of oversight in municipal contracting" and "conspiracy to deprive Plaintiff of rights under color of law." (*Id.*) He then filed an Amended Complaint using the Court's form for Section 1983 Claims, which helps to guide *pro se* plaintiffs through filing a complaint. (ECF No. 8.) But Mr. Prescott left the "Statement of Claim" and "Prayers for Relief" sections blank, alleging no facts whatsoever. (*Id.*) Indeed, the few facts Mr. Prescott alleged come from his first Complaint and describe an encounter with an armed security guard outside of Memphis Police Headquarters. (ECF No. 2 at PageID 3.)

Defendants filed their Motion to Dismiss in January 2026, arguing Mr. Prescott failed to state a claim upon which relief could be granted. (ECF No. 16.) Specifically, they argued that Mr. Prescott's Amended Complaint should supersede his first Complaint, and because his Amended Complaint failed to allege any facts whatsoever, it should be dismissed under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 16-1 at PageID 74–75.) Mr. Prescott eventually filed a response (ECF No. 31) to Defendants' Motion after Judge Pham entered a show cause order (ECF No. 28). His response came 141 days after the deadline for responding and included a wave of new factual allegations. (*See* ECF No. 40 at PageID 147, n. 2.)

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he

district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* standard or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id*. When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## ANALYSIS

As a preliminary matter, Judge Pham correctly refused to consider Mr. Prescott's late-filed response. (ECF No. 40 at PageID 147, n. 2.) He also correctly pointed out that Mr. Prescott could not use his response as a vehicle for adding new allegations to his Complaint or Amended Complaint. (*Id.*) Although Defendants argued that the Amended Complaint should supersede the first Complaint, Judge Pham properly construed the Amended Complaint to supplement the first Complaint because of Mr. Prescott's *pro se* status. (*Id.* at PageID 148–49.) Therefore, both documents were considered by Judge Pham.

Mr. Prescott filed timely objections to the R&R. (ECF No. 44.) Although his two objections appear to collapse into one, the Court will address each in turn below.

### A. Objection No. 1

Mr. Prescott argues that Judge Pham "does not fully consider" and "gives insufficient weight to . . . the allegations contained in the pleading." (ECF No. 44 at PageID 176.) But he fails to identify a single allegation that Judge Pham failed to account for. Such a "general objection" is not sufficient for this Court to identify which findings Mr. Prescott takes issue with. *See Howard*, 932 F.2d at 509. Even so, the Court finds no facts—in either the Complaint or Amended Complaint—that were not considered by Judge Pham. To the extent Mr. Prescott challenges Judge Pham's analysis, his objection is addressed below. Accordingly, Mr. Prescott's first objection is **OVERRULED.**

### B. Objection No. 2

Mr. Prescott next argues that the R&R misapplies the Rule 12(b)(6) standard. (ECF No. 44 at PageID 177.) Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain only "a short and plain statement of the claim." Although "detailed factual allegations" are not required,

to avoid dismissal "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citation modified). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded factual allegations in the complaint as true, but it need not "accept as true a legal conclusion couched as a factual allegation. *Hensley Mfg.*, 579 F.3d at 609 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Below are Mr. Prescott's factual allegations in their entirety:

> 12. On October 30, 2024, [Mr. Prescott] was assaulted by an armed security guard employed by Diligence Security while peacefully protesting at 170 North Main Street, Memphis, Tennessee.
>
> 13. The guard was employed under a contract between the City of Memphis and Diligence Corporation/Diligence Tech Corporation/Diligence Security.
>
> 14. [Mr. Prescott] obtained public records showing that Diligence entities submitted false or misleading insurance certificates to the City of Memphis to secure a $250,000 annual security contract.
>
> 15. [Mr. Prescott's] insurance claim against Diligence's carrier Hiscox was denied because the policy covered IT security, not armed or unarmed physical security services.
>
> 16. The City of Memphis, through its officials and council members, failed to properly vet the contract, allowing unlicensed and uninsured armed guards to provide services at public buildings.
>
> 17. [Mr. Prescott] has also been subjected to obstruction and denial of access by city officials, including refusal to accept grievances and complaints, stonewalling communication, and failing to address [Mr. Prescott's] concerns.

Here, Mr. Prescott brought Section 1983 claims against the City of Memphis and Mayor Paul Young, in both his official and individual capacities. The official-capacity claim against

Mayor Young is treated as a claim against the City of Memphis. *See Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003) (construing official-capacity claims as claims against the municipality). Under *Monell*, the City of Memphis would only be liable for Mr. Prescott's alleged injuries if he could show that the City had a "policy or custom" that was the "moving force" behind his injuries. *Monell v. Dep't of Social Services of New York*, 436 U.S. 658, 694 (1978); *Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013). To show this, Mr. Prescott must allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). He alleged none of this.

As Judge Pham points out, Mr. Prescott's pleadings are "clearly deficient as to *Monell's* requirements." (ECF No. 40 at PageID 150.) Nothing in the above factual allegations show the existence of an illegal policy, ratification of illegal actions, the existence of a policy of inadequate training or supervision, or a custom or tolerance of federal civil rights violations. Even if the Court were to stretch beyond the plausible and find that Mr. Prescott alleged a policy of inadequate supervision or acquiescence (which it is not willing to do), Mr. Prescott's claim would still fail because there are no facts alleged to support the inference that his alleged injury was caused by the City's deliberate indifference. *See, e.g.*, *Kiner v. City of Memphis, TN*, No. 25-5544, 2026 WL 1065014, at *3 (6th Cir. Apr. 14, 2026). Because Mr. Prescott fails to allege a "policy or custom" under *Monell*, his claims against the City of Memphis must be dismissed.

Mr. Prescott's individual-capacity claim against Mayor Young meets a similar fate. Most problematic is the fact that the Court must divine the theory under which Mr. Prescott seeks to

hold Mayor Young personally liable. The only allegation that helps is that "[t]he City of Memphis, *through its officials* and council members, failed to properly vet the contract, allowing unlicensed and uninsured armed guards to provide services at public buildings" (emphasis added). But this allegation does not allow a reasonable inference as to what theory of liability is being alleged. *See Ashcroft*, 556 U.S. at 678 (2009). Even construing the Complaint and Amended Complaint liberally, the Court cannot point to single allegation of "active unconstitutional behavior" on the part of Mayor Young. *See Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) ("It is well-settled that government officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of respondeat superior.") (citation modified). Because Mr. Prescott fails to allege any theory of personal liability, his personal-capacity claim against Mayor Young must be dismissed.

Accordingly, Mr. Prescott's second objection is **OVERRULED**.

## CONCLUSION

Judge Pham's R&R (ECF No. 40) is **ADOPTED** in its entirety, and Defendants' Motion to Dismiss (ECF No. 16) is **GRANTED**. Mr. Prescott's claims against the City of Memphis and Mayor Paul Young are hereby **DISMISSED**.

**IT IS SO ORDERED**, this 30th day of September, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE